BRIAN A. VOGEL, SBN 167493
brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
Facsimile: (805) 654-0326

Attorney for Plaintiff JOSEPH M. HICKS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH M. HICKS, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY OF SANTA BARBARA, SANTA BARBARA POLICE DEPARTMENT OFFICER JUSTIN CRUZ, an individual, DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL OFFICER LUIS MADRIZ, an individual, and DOES 1-10, inclusive,<br><br>            Defendants.<br>_____ | Case No. CV 13-9016 FMO (RZx)<br><br>**[PROPOSED] PROTECTIVE ORDER ON CONFIDENTIAL INFORMATION** |

Pursuant to the stipulation of Plaintiff and the State of California Department of Alcoholic Beverage Control which is not a party, and good cause being shown therefore, THE COURT HEREBY ORDERS THE FOLLOWING:

1. The information and items subject to this agreement ("Confidential Information") are as follows:

    (a) The State of California Department of Alcoholic Beverage Control

1

("ABC") personnel file pertaining to Defendant Luis Madriz, including all documents relating to the history of employment from inception to the present such as job application, position job description, performance appraisals, employee development plans, employee self assessments, notes on attendance, performance improvement plan documentation, reports, and employee recognition documents. Defendant Madriz will produce these documents with redactions of all information relating to Madriz's personal residence information, past and present, as well as personal identifying information such as Social Security number, and any information relating to his personal relationships outside of his employment at ABC including with his spouse, family members, friends and significant others. Any documents related to any psychological examinations of Madriz as well as any documents related to Madriz's credit reports are specifically excluded from this stipulation and [proposed] order, and will not be produced.

  (b)  The ABC Human Resources Department personnel file pertaining to Defendant Madriz, including application for employment, W-4 forms, personnel action forms, military leave and deployment records.

  (c)  Documents referring or relating to education and training the Defendant Madriz has received relating to his duties as a law enforcement officer at ABC.

  2.  The Confidential Information delineated in the previous paragraph is the proper subject of a privilege. The Court, therefore, orders that the information and items are deemed confidential.

  3.  The Court may modify the protective order at any time for good cause shown and upon notice to the affected parties. The parties themselves may further

stipulate to add or delete item or information subject to the protective order, subject to court approval.

4. Defendants' concerns of privilege and other objections raised in their response and outlines in their privilege logs are adequately protected by this protective order.

5. The production of the Confidential Information referenced shall be subject to the following protections:

(a) The Confidential Information will be considered confidential information. This confidential information shall be used solely in connection with this case and the preparation and trial of this case, any settlement conference, private mediation or arbitration conducted in connection with this case, or any related appellate proceeding, and not for any other purpose.

(b) The Confidential Information shall not be disclosed by Plaintiff or his attorneys to anyone other than:

    (1) Plaintiff's attorneys and their staff;

    (2) Any expert or consultant hired or retained by Plaintiff or his attorneys;

    (3) Any judge or magistrate judge presiding over any aspect of this case;

    (4) Any mediator, arbitrator or other settlement officer agreed upon by the parties or appointed to assess and evaluate the dispute for the purposes of settlement negotiation; and

    (5) The initial and rebuttal expert witnesses designated by the parties

pursuant to F.R.C.P. 26(a)(2), and the persons most knowledgeable designated by ABC, in the course of testifying at a deposition or trial or preparing for such testimony.

(c) The Confidential Information shall not be provided to news, television, radio, or placed on the Internet.

(d) All persons to whom the Confidential Information is disclosed will be apprised of the protective order and of its binding nature on all persons connected with this case.

(e) To the extent that the Confidential Information is disclosed to a witness pursuant to the protective order, the Confidential Information shall be appropriately marked "Confidential Item produced in *Hicks v. City of Santa Barbara, et al.,* United States District Court Case No. CV 13-9016 FMO (RZx), subject to protective order."

6. All copies of the Confidential Information shall be returned to the disclosing party within a reasonable time period after the conclusion of this action.

7. The admissibility of the Confidential Information herein disclosed is not conceded, and the parties each have the right to seek exclusion of the Confidential Information or their existence either in limine or during trial.

8. Disclosure of the Confidential Information shall be made within ten (10) days of receipt by Defendants of this signed and conformed order of the Court.

This protective order shall not govern in connection with dispositive motions or at trial. If protection is desired in connection with those proceedings, a separate application

1  must be made, and directed to the judicial officer who will preside in connection with
2  those proceedings.
3
4      **IT IS SO ORDERED.**
5
6  Dated: October 17, 2014    _____
7                                         Hon. Ralph Zarefsky
                                       United States District Court
8                                         Central District of California